NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2016[*]
Decided May 31, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-1082

| | |
|---|---|
| THOMAS JOHN CARTER,<br>   *Plaintiff-Appellant,*<br><br>   *v.*<br><br>JPMORGAN CHASE BANK, N.A.,<br>and U.S. SECURITY ASSOCIATES, INC.,<br>   *Defendants-Appellees.* | Appeal from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division.<br><br>No. 15 C 2256<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Thomas Carter, a retired Army officer, was invited to interview for a job with a company performing contract work for JPMorgan Chase. When he arrived at the Chase facility where the interview was to be conducted, Carter was turned away by the building manager and a security guard employed by U.S. Security Associates. They had concluded—incorrectly, as it turned out—that, under Chase protocol for that building,

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Carter's military ID was not a suitable form of identification to gain entry. The interview went forward (off site), but Carter was not hired. He later filed this lawsuit against Chase and U.S. Security Associates, essentially alleging that their employees' miscue had cost him the job. In his operative complaint Carter raised a litany of claims, including "employment discrimination," "age discrimination," violation of the Uniformed Services Employment and Reemployment Rights Act, *see* 38 U.S.C. § 4311, and even racketeering. The district court dismissed the action on the defendants' motion, reasoning that Carter had not alleged a plausible claim.

Carter has appealed the dismissal, but his brief does not identify any disagreement with the district court's reasons for dismissing his lawsuit. Instead he emphasizes that the defendants' employees disregarded the facility's "standard operating procedure," which lists a military ID as an acceptable form of identification. Carter also accuses the defendants of lying and "engaging in a cover-up" after he filed a related charge of discrimination with the Illinois Department of Human Rights. But Carter does not explain the relevance of these contentions, which do not undermine the district court's analysis. He thus has waived any argument that the district court erred. *See* FED. R. APP. P. 28(a)(8)(A); *Rahn v. Bd. of Trustees of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013).

AFFIRMED.