**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 11, 2017[*]
Decided July 26, 2017

## Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 17-1801 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| THOMAS JOHN CARTER, *Plaintiff-Appellant*, | |
| *v.* | |
| JPMORGAN CHASE BANK, N.A., and U.S. SECURITY ASSOCIATES, INC., *Defendants-Appellees*. | No. 16-cv-9732 Robert M. Dow, Jr., *Judge*. |

## Order

Thomas Carter contends that defendants violated legal requirements when security guards at a building where he was scheduled for an employment interview deemed his identification unsatisfactory and did not let him enter.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

This is Carter's third suit about the events of that day. See *Carter v. JPMorgan Chase Bank, N.A.*, No. 16-1082 (7th Cir. May 31, 2016) (nonprecedential disposition affirming the dismissal of an earlier suit). The district court dismissed Carter's latest complaint as barred by the doctrine of claim preclusion (*res judicata*). Carter does not take issue with the district court's evaluation or application of that doctrine's elements. Instead he contends that because he paid a new filing fee and served the defendants with process in this new case he is entitled to a fresh decision on the merits. That contention misunderstands the law of preclusion, which limits to one the number of suits presenting the same claim. That Carter has filed a new suit under a new docket number is what brings the doctrine of preclusion into play; it is not an exception to that doctrine.

The district court's order does not need elaboration, and its judgment is affirmed. Carter must understand that any further attempt to litigate claims arising from the events of April 24, 2014, will lead to financial and other penalties.